### BONY v. GORDON et al. (No. 1216.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 23, 1925. Rehearing Denied Dec. 2, 1925.)

1. **Appeal and error ⚌760(2)—Bill of exceptions held insufficient.**

Brief complaining of admission of evidence, but not setting out bill of exceptions, but referred to in argument as certain pages of transcript, which transcript failed to show evidence excepted to, but merely made general reference to statement of facts, pointed out no error, and will not be considered.

2. **Appeal and error ⚌760(2)—Proposition alleging error not supported by bill of exceptions in brief, held insufficient to point out error.**

Where appellant's proposition alleging error was not set up by bill of exceptions in appellant's brief, and no reference was made to transcript where bill could be found, no error was pointed out.

3. **Contracts ⚌175(3)—Evidence held to sustain finding that plaintiff advanced money for stock to be issued to him, and not as loan.**

Evidence *held* to support finding that plaintiff advanced money to defendants to establish newspaper for stock in newspaper corporation to be organized, and not as loan.

Appeal from Jefferson County Court; C. N. Ellis, Judge.

Action by G. F. Bony against Sol. E. Gordon and another. On appeal to the county court at law from a judgment of the justice court in favor of plaintiff, judgment was rendered in favor of defendants, and plaintiff appeals. Affirmed.

David E. O'Fiel, of Beaumont, for appellant.

Gordon, Lawhon & Davidson, of Beaumont, for appellees.

HIGHTOWER, C. J. This suit was filed by the appellant, Bony, in one of the justice's courts of Jefferson county against the appellees Sol. E. Gordon and C. L. Schless.

Appellant's cause of action, stated in substance, was as follows:

That about the 15th of September, 1921, appellant loaned to the defendant Schless $100, with the understanding between him and Schless that that amount was to be paid to appellant by Schless within a year's time from the date of the loan; that at the time of the loan to Schless he was trying to raise funds with which to establish a newspaper in the city of Beaumont, Tex., and that Schless was soliciting persons citizens of the city of Beaumont who might be interested in having the newspaper established to contribute funds for that purpose, and that appellant, after some several conversations with Schless about the matter, finally agreed to loan him the $100, and did so. Appellant further alleged, in substance, that it was understood between himself and Schless that, as soon as sufficient money had been made by Schless out of the publication of the newspaper that was contemplated, Schless was to return to him the full amount so loaned. Appellant further alleged, in substance, that it was understood between himself and Schless and other persons from whom subscriptions were solicited by Schless that the defendant Gordon should act as trustee of the funds raised for Schless' newspaper venture, and that Schless was to execute a mortgage on some newspaper machinery in favor of Gordon as trustee to secure the payment of the amount loaned to Schless by appellant and other persons who had furnished money to aid Schless in his newspaper venture, and that Gordon, as trustee, was to have the mortgage duly recorded, etc. Appellant further alleged, in substance, that some time after he had loaned the $100 to Schless, and after other persons had contributed money for Schless' use in the newspaper venture, the defendant Gordon wrongfully dissipated or converted the security that he held under the mortgage as trustee by causing the mortgage to be canceled, and that, therefore, appellant was deprived of his security for the payment of his $100, and he prayed for judgment against both Schless and Gordon for $100, with interest thereon at the rate of 6 per cent. from date of the loan as damages.

The defendant Schless made no answer, and his whereabouts were unknown. The defendant Gordon answered by general denial and by special pleas, in substance, that he agreed to act as trustee of funds that might be raised for Schless' newspaper venture, and to take a mortgage on Schless' newspaper machinery for the benefit of those furnishing means to Schless to install the paper, and admitted that the plaintiff, Bony, had executed in his favor as trustee a check for $100, and that he did take a mortgage from Schless on the newspaper machinery in his capacity as trustee, but that it was his

---

⚌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

understanding at the time that those furnishing the money and means to Schless in the newspaper venture were to be issued stock of the corporation that it was contemplated to be organized to carry on the paper, and that the corporation was organized, known as the News Publishing Company, and that he then issued stock to all those who had subscribed and contributed funds to Schless in the newspaper venture, and that he tendered stock to appellant in payment of the $100 which he had contributed, but that appellant refused to take the stock. This is a sufficient statement of the substance of the pleadings of the parties.

Upon trial in the justice's court judgment was rendered in favor of appellant, Bony, against both Schless and Gordon for the $100 sued for, with interest as prayed, and they appealed to the county court at law of Jefferson county, where, upon trial with a jury, verdict and judgment were rendered in favor of appellees.

The vital and controlling contention in the trial court was whether the $100 furnished by appellant to Gordon as trustee was intended as a loan to Schless, to be paid back in money, as claimed by appellant, or whether it was the understanding that appellant should have stock in the newspaper corporation that was to be organized. This issue of fact was raised by the pleadings and evidence of the parties, and, upon a properly framed issue, the jury answered, in substance, that it was the understanding between appellant and Schless that appellant should be issued stock of the newspaper corporation in payment of the $100 furnished by him. Waiving the question of jurisdiction of this court to entertain this appeal, about which we have some doubts, we have decided to dispose of the matter upon its merits.

The two main contentions made by appellant in this court are, first, that the court was in error in admitting evidence upon the trial; and, second, that the verdict of the jury finding that it was the understanding between the parties that appellant was to be issued stock in the newspaper corporation and not to be paid back in money for his $100 is unsupported by the evidence adduced upon that point, and that therefore the verdict and judgment should be set aside.

[1] By the first proposition advanced by appellant it is contended, in substance, that the trial court committed error in admitting the testimony of the witnesses Guy W. Junker, J. E. Josey, C. R. Miller, and E. Szafir, to the effect that each of them, at the time they furnished money for Schless' newspaper venture, understood and expected to receive stock in the newspaper corporation which it was contemplated to be organized, and that they did not make any loan to Schless or Gordon, to be paid back in money. Appellant's bill of exception in this connection is not set out in his brief, as it should

have been, but in counsel's argument in that connection we are referred to the transcript at pages 57 and 58 for the bill. When we go to the transcript, however, to examine the bill of exception in that connection, the purported bill there found fails to show what facts either of these witnesses testified to, but the bill there further makes a general reference to the statement of facts for such evidence. In the first place, the bill of exception should have been set out in appellant's brief, and we should not have been required to go to the transcript to look at it, but, in this instance, as we have stated, when we go to the transcript to find what the objectionable testimony was, we are then referred generally to the statement of facts. Such a bill of exception is not entitled to be considered, and points out no error in that connection by the trial court.

[2] Under the next proposition it is contended, in substance, that the trial court was in error in admitting in evidence a letter written by the appellee Sol. E. Gordon to appellant's attorney just before this suit was filed, in which Mr. Gordon stated, in substance, his understanding of the agreement of all parties with Schless at the time he, Gordon, agreed to act as trustee. This letter was in reply to a letter that had been written to Mr. Gordon by appellant's attorney stating appellant's contention about the matter. There is no bill of exception touching this matter set out in appellant's brief, and no reference is made to the transcript where any such bill might be found. We are therefore not required to search the transcript for appellant's bill touching this matter, and hold that no error is pointed out in this connection.

[3] With reference to appellant's contention that the verdict of the jury is unsupported by the evidence, we will say that we have gone over the evidence very thoroughly, and must hold that appellant's contention in that connection cannot be sustained. It is true that appellant, Mr. Bony, testified emphatically that he was to be paid back in money the $100 that he claimed to have loaned to Schless, and that he did not agree to take stock in any corporation that might be organized to carry on the newspaper, but the jury had before them sufficient facts and circumstances to warrant the finding that appellant did agree and understood that he was to have stock in a corporation, which it was contemplated would be organized, for the $100 that he furnished. The witness Junker testified that appellant told him that he either had agreed to take stock in a newspaper corporation for the $100 that he had furnished, or that he did do so. The witness could not be absolutely certain on the point. But we repeat that the facts and circumstances in this record, without detailing them, were sufficient to authorize the jury's verdict on this point.

The other contentions· made by appellant have no merit, and all are overruled, and it has been ordered that the judgment of the trial court be affirmed.